ORIGINAL

# In the United States Court of Federal Claims

No. 18-141C
(Filed: July 13, 2018)

FILED
JUL 13 2018
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JABRIL JONES,**

    Plaintiff,

v.

**THE UNITED STATES,**

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se Jabril Jones was sentenced to 120 months in prison followed by three years of supervised release and is still incarcerated. Jones v. United States, Nos. 16-cv-2753, 09-cr-20389, 2017 WL 5180323, at *2 (W.D. Tenn. Nov. 8, 2017). On September 29, 2009, a Federal Grand Jury sitting in the Western District of Tennessee returned a one-count indictment against Plaintiff. Compl. Ex. 4. Plaintiff was charged with knowingly possessing a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Section 922(g). Compl. Ex. 7. Following indictment, Plaintiff's case proceeded to trial; on September 15, 2010, Plaintiff was found guilty. Compl. Ex. 4.

    In his complaint, Plaintiff argues that he did not have "a complaint attached to [his] arrest warrant which would set forth the probable cause for [his] arrest," in violation of FRCP Rules Three and Four. Compl. 4. Plaintiff also argues he "was dismissed by the Grand Jury of Shelby County Criminal Court" and has no "Bill of Indictment or an endorsed True Bill," such that count one of his indictment is "fraud on the court" and his arrest, sentencing, and imprisonment were

---

[1] This background is derived from Plaintiff's complaint and exhibits.

7017 1450 0000 1346 4513

unlawful. Id. at 4-5. In Plaintiff's responses to Defendant's motion to dismiss, he also alleges violations of the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution. See Pl.'s Resp. 2-5. Plaintiff seeks $30,000,000 relief in damages and "immediate release." Compl. 5.

## Discussion

### Subject-Matter Jurisdiction

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

The gravamen of Plaintiff's complaint appears to be a challenge to his criminal conviction. Compl. 4. This Court does not have jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole . . . ," nor does this Court have the authority to review the decisions of other federal courts. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008). This Court does not have the authority to hear Plaintiff's claims of false imprisonment and false arrest, as these actions sound in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

Although this Court has jurisdiction to hear claims of unjust conviction, that jurisdiction is limited and must involve a request for compensation. See 28 U.S.C. § 1495 (2012). In order to

2

succeed on a claim for compensation based on unjust conviction, a plaintiff must prove that his conviction has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on grounds of actual innocence. 28 U.S.C. § 2513(a)(1) (2012); see also Vincin v. United States, 468 F.2d 930, 933 (1972) (per curiam); Brown v. United States, 42 Fed. Cl. 139, 141-42 (1998). This proof must come in the form of either a court-issued certificate or a pardon. 28 U.S.C. § 2513(b) (2012). Plaintiff has not made such a showing here.

Plaintiff also alleges Constitutional and civil rights violations, citing the First and Fourth Amendments, Article I of the Constitution, and 42 U.S.C. § 1983. This Court lacks jurisdiction over Plaintiff's Constitutional and civil rights claims, as neither the First nor Fourth Amendments, nor Article I is money-mandating, and jurisdiction over civil rights violations is vested exclusively in the district courts. LaChance v. United States, 15 Cl. Ct. 127, 130 (1988); Carpenter v. United States, 118 Fed. Cl. 712, 713 (2014); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009).

Plaintiff requests that this Court order his release from prison. Compl. 5. This Court does not have the authority to grant Plaintiff's release.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

**MARY ELLEN COSTER WILLIAMS**
Judge